**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
RICHARD VINYARD,

                              Plaintiff,

             - against -

RITE-HITE CORPORATION, GENQUIP
CORPORATION, and ARBON EQUIPMENT
CORPORATION,

                              Defendants.
----------------------------------------------------------------X
RITE-HITE CORPORATION and
ARBON EQUIPMENT CORPORATION,

                             Third-Party Plaintiffs,

           -against-

ERIE INSURANCE COMPANY,

                             Third-Party Defendant.

----------------------------------------------------------------X

**ORDER**

CV 07-2829 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Before the Court is a motion [DE 76] filed by Defendants/Third-Party Plaintiffs Rite-Hite and Arbon (together, "Third-Party Plaintiffs") requesting an Order (i) compelling Third-Party Defendant Erie Insurance Company ("Erie") to produce responses to outstanding discovery requests, and (ii) requiring Erie "to reimburse Rite-Hite and Arbon for all costs and legal fees associated with the preparation and hearing of this dispute" (the "Motion to Compel"). *See* DE 76. Also before the Court is Third-Party Defendant Erie's response [DE 78] to the Motion to Compel, in which Erie requests a two-week extension, until January 15, 2010, to serve its discovery responses. *See* DE 78.

Third-Party Plaintiffs Rite-Hite and Arbon served their First Set of Interrogatories and First Request for Production of Documents on Erie on August 21, 2009. Thus, Erie has now had more than four months to comply with its discovery obligations and, prior to its January 5, 2010 letter [DE 78] in response to the instant Motion to Compel, Erie has never requested from the Court an extension of its time to serve such responses. Moreover, in its letter response, Erie states that "Rite-Hite/Arbon is entitled to the discovery responses sought." *See* DE 78. In light of Erie's agreement that Third-Party Plaintiffs are entitled to responses to the outstanding discovery requests, the Motion to Compel is hereby GRANTED. Erie shall serve its responses to Third-Party Plaintiffs' First Set of Interrogatories and First Request for Production of Documents no later than the close of business on January 15, 2010.

The Court notes that Erie was brought into this action by a Third-Party Complaint [DE 59] filed on April 13, 2009. Erie filed its Answer to the Third-Party Complaint [DE 68] on May 22, 2009. By Electronic Order dated July 7, 2009, I granted Defendant Genquip's motion for an adjournment of the deadline to serve its responses to discovery demands and directed that "[a]ll other deadlines contained in the Amended Case Management and Scheduling Order [DE 65] shall remain the same." Furthermore, in the Civil Conference Minute Order [DE 72] which followed the December 1, 2009 Telephone Conference, I told the parties "that absent extraordinary circumstances, no further extensions will be granted." *See* DE 72.

Clearly, Erie knew long before now that the requested files were maintained at different offices. Although I am granting Erie's request for a two-week extension to serve their responses to the outstanding discovery, I am nonetheless taking further action against Erie as a result of its failure to comply with its discovery obligations, which necessitated Third-Party Plaintiffs' filing

the instant Motion. Rule 37 of the Federal Rules of Civil Procedure provides that where a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . . . ." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Accordingly, I am directing that Erie shall be responsible for payment of the attorneys' fees incurred by counsel for Rite-Hite/Arbon as a result of having to make the instant Motion to Compel. I am further directing counsel for Rite-Hite/Arbon to submit an appropriate fee application stating, with specificity, the costs incurred in bringing this Motion. The application should include contemporaneous billing records. Once that fee application is filed, Erie will have three (3) days to file any object to the contents of the application.

**SO ORDERED.**

Dated: Central Islip, New York
January 7, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge